# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ALBERT W. MORTON,
    Appellant,

   v.

SOCIAL SECURITY
  ADMINISTRATION,
    Agency.

DOCKET NUMBER
AT-0752-14-0806-I-1

DATE: May 27, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Albert W. Morton</u>, Atlanta, Georgia, pro se.

<u>Jeffrey Wilson</u>, and <u>Nadine DeLuca Elder</u>, Atlanta, Georgia, for the
 agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed his 30-day suspension for failing to follow supervisory instructions and directives. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant is a Social Insurance Specialist, GS-0105-13, at the Social Security Administration's Center for Disability Operations in Atlanta, Georgia.  Initial Appeal File (IAF), Tab 11 at 41-42.  He was suspended for 30 days on an 8-specification charge of failure to follow supervisory instructions and directives.  *Id.* at 33-42.  The administrative judge decided the appeal based on the written submissions, as the appellant did not request a hearing.  IAF, Tab 1 at 1, Tab 28, Initial Decision (ID) at 1.  The administrative judge sustained seven of the eight specifications, found that the agency established nexus, and concluded that the penalty was reasonable.  ID at 4-14.  He rejected the appellant's affirmative defenses of harmful procedural error, due process violations, laches, age discrimination and reprisal for equal employment opportunity (EEO) activity.  ID at 15-24.  The appellant filed this petition for review.  Petition for Review (PFR) File, Tab 1.

¶3        On review, the appellant reasserts several arguments that he made before the administrative judge, but he has failed to meet any of the Board's criteria for granting a petition for review.  *See* 5 C.F.R. § 1201.115(a)-(d).  His arguments largely pertain to whether the suspension was proper.  He asserts that his

immediate supervisor and the proposing official, D.B., lacked the authority to give him instructions and directives. PFR File, Tab 1 at 6-12. Instead he contends that his position description shows that he reports to the Center Director and not to an intermediate supervisor. *Id.* at 8. He argues that the agency violated 5 U.S.C. § 2302(b)(12)[2] when it suspended him because D.B.'s placement in a supervisory position violated the first merit system principle.[3] *Id.* at 7-9. He also argues that the administrative judge failed to uphold the first merit system principle when he found that the Board lacked jurisdiction to determine whether D.B. was properly in a supervisory position. *Id.* at 9-10.

¶4      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). We find that the administrative judge's analysis regarding D.B.'s supervisory authority was correct. As the administrative judge explained, the appellant cannot use a Board proceeding to collaterally attack D.B.'s placement in a supervisory position. *See* ID at 3-4. The Board lacks jurisdiction over that issue. The appellant has identified no law, rule, or regulation that would support a finding of jurisdiction.

---

[2] Section 2302(b)(12) states:

> Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority, take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title.

[3] The first merit system principle is:

> Recruitment should be from qualified individuals from appropriate sources in an endeavor to achieve a work force from all segments of society, and selection and advancement should be determined solely on the basis of relative ability, knowledge, and skills, after fair and open competition which assures that all receive equal opportunity.

5 U.S.C. § 2301(b)(1).

As for the agency's alleged violation of the merit system principles, the principles may be used to interpret a law, rule, or regulation asserted to have been violated by an agency personnel practice. *Wilburn v. Department of Transportation*, 757 F.2d 260, 262 (Fed. Cir. 1985). Allegations that an agency has violated the principles, however, do not create an independent cause of action for a Board appeal. *Id.*; *see Phillips v. General Services Administration*, 917 F.2d 1297, 1298 (Fed. Cir. 1990).

¶5    The appellant likewise has offered no new evidence proving D.B.'s supervisory authority. He asserts that the national position description for a Social Insurance Specialist states that he works "under the direction of the Center Director" and that description is also inconsistent with the agency's regional position description, which states that he works "under the general supervision of the Disability Programs Branch Chief." PFR File, Tab 1 at 6, 8, 12 n.11; IAF, Tab 13 at 20, Tab 24 at 50. Neither position description, however, precludes the appointment of intermediate supervisory personnel.

¶6    The appellant also argues that the suspension was not in accordance with law. *See* 5 U.S.C. § 7701(c)(2)(C)[4]; *see also* PFR File, Tab 1 at 3, 18; IAF, Tab 11 at 35. Pursuant to 5 U.S.C. § 7513(a), he explains, a suspension of more than 14 days may be imposed "[u]nder regulations." PFR File, Tab 1 at 3. He argues that the agency did not charge him with a violation of any regulation but, instead, with violating its Annual Personnel Reminders (APRs).[5] *Id.* The appellant, however, misconstrues section 7513(a), which is referencing the regulations for adverse actions taken pursuant to chapter 75. *See* 5 U.S.C. § 7513(a); *see also* 5 C.F.R. Part 752(d). As for the agency's reliance on the

---

[4] Section 7701(c)(2)(C) states: "[T]he agency's decision may not be sustained . . . if the employee . . . shows that the decision was not in accordance with law."

[5] The APRs are internal operational directives. APR 1.2 states that the employee "should be familiar with regulations and published directives that relate to [his] official duties and responsibilities and should follow those directives." IAF, Tab 11 at 35.

APRs, it is well settled that an agency may promulgate its own legitimate, internal rules governing employee conduct, and discipline an employee based on those rules. *See White v. Government Printing Office*, 108 M.S.P.R. 355, ¶¶ 4-5 (2008) (the agency proved the appellant's violation of "post orders"); *see also Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶ 16 (an employee must comply with an agency order, even where he may have substantial reason to question it and is taking steps to challenge its validity through appropriate channels), *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009).

¶7        The appellant proceeds to examine each of the seven specifications that the administrative judge sustained. *See* PFR File, Tab 1 at 12-23. In doing so, he largely restates his original arguments on appeal and summarily concludes that the administrative judge failed to meet the requirements of 5 C.F.R. § 1201.111(b)(1).[6] *See id.* at 14, 17, 21-22. It is unnecessary to reiterate the administrative judge's analysis here, but we will address one particular issue: the appellant contends that specifications 4 through 7 were flawed because they stated that he failed to contact management when he found himself unable to meet certain deadlines. *See id.* at 20-21. The appellant explains that, although the charge was "[f]ailure to follow [his] supervisor's instructions and directives," D.B. was not part of the Center's management team. *Id.*; *see* IAF, Tab 12 at 4-5. He further explains that he was instructed to contact D.B. rather than someone in management. PFR File, Tab 1 at 20. Citing 5 U.S.C. § 7103(a), he asserts that the terms "management official" and "supervisor" are not interchangeable. PFR File, Tab 1 at 19; *see* 5 U.S.C. § 7103(a)(10)-(11) (defining "supervisor" and "management official"). Section 7103(a), however, specifically states that the definitions therein are for the purpose of chapter 71. Chapter 71 does not fall within the Board's original or appellate jurisdiction, *see* 5 C.F.R.

---

[6] Section 1201.111(b)(1) states: "Each initial decision will contain . . . [f]indings of fact and conclusions of law upon all the material issues of fact and law presented on the record."

§§ 1201.1-1201.3, and the appellant cites no authority indicating that the Board is bound by the definitions in that chapter.

¶8        As a general matter, moreover, the appellant's bare assertions that the findings of fact are wrong will not in itself justify granting the petition for review, especially given the administrative judge's thorough review of the issues, evidence, and applicable law. *See* ID at 4-9; *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶9        The appellant also takes issue with the administrative judge's finding that nexus is self-evident. PFR File, Tab 1 at 23-24; *see* ID at 9. He states that the initial decision is "confusing" and "an abuse of discretion due to the lack of substantive development." PFR File, Tab 1 at 23. The agency, however, documented several instances of the appellant's failure to follow management directives, which the agency found affected his own job performance and that of other agency employees, and undermined management's trust in him. *See* IAF, Tab 11 at 33-39, Tab 12 at 4-10. Nexus clearly exists between failure to follow management directives and the efficiency of the service. *See Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 24 (2014) (the charge of failure to follow instructions relates directly to the efficiency of the service); *see also Blevins v. Department of the Army*, 26 M.S.P.R. 101, 104 (1985) (failure to follow instructions or abide by requirements affects the agency's ability to carry out its mission), *aff'd*, 790 F.2d 95 (Fed. Cir. 1986) (Table).

¶10       The appellant asserts that the penalty imposed by the agency is an excessive fine forbidden by the Eighth Amendment of the Constitution. PFR File, Tab 1 at 24; *see* U.S. Const. amend. VIII. He has not shown, however, that this provision applies to Board proceedings. In any event, a penalty analysis under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), is the proper

framework in which to examine whether an agency-imposed penalty is reasonable. The agency conducted a thorough *Douglas* analysis, *see* IAF, Tab 11 at 3-4, which the administrative judge carefully reviewed, *see* ID at 9-14. Regarding the first *Douglas* factor, the nature and seriousness of the offense,[7] *see Douglas*, 5 M.S.P.R. at 305, the appellant specifically asserts that the agency offered no evidence showing that his actions caused harm, *see* PFR File, Tab 1 at 24. However, the agency was not required to make such a showing, *see Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 556 (1996), and further, the proven charge itself is a serious offense, *see L'Bert v. Department of Veterans Affairs*, 88 M.S.P.R. 513 (2001).

¶11    The appellant reasserts several of the affirmative defenses he brought before the administrative judge. He argues, for example, that the decision letter failed to state the "specific reasons therefor" for sustaining the action against him. PFR File, Tab 1 at 5; *see* 5 U.S.C. § 7513(b)(4). The decision letter, however, identified each specification, addressed the appellant's responses, and set forth extensive analysis on the penalty issue. *See* IAF, Tab 11 at 33-39. The proposal notice addressed the specifications in even greater detail and, as the administrative judge explained, was *the* constitutionally correct way to give the appellant notice of the charges. ID at 18; *see* IAF, Tab 12 at 5-7; *see also Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) ("The essential requirements of due process . . . are notice and an opportunity to respond.").[8]

---

[7] The Board will consider "[t]he nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated." *Douglas*, 5 M.S.P.R. at 305.

[8] The appellant also asserts that the agency violated his right to due process "because the agency accumulated the eight (8) specifications against him without notice or warning, some involving earlier completed, submitted, and accepted work assignments." PFR File, Tab 1 at 4. The misconduct occurred, however, within a few

¶12    The appellant argues that the deciding official failed to comply with 5 C.F.R. § 752.404(g)(1) because he "did not duly consider appellant's answer" to the proposal notice. PFR File, Tab 1 at 5. The plain language of the regulation, however, does not require the agency to address every contention that the appellant raised in his response. Instead, it requires the agency simply to "consider" the response.[9] An agency is presumed to have considered a response if, as here, the response is referenced in the decision letter and submitted with the agency file. *Franks v. Department of the Air Force*, 22 M.S.P.R. 502, 505 (1984); *see* IAF, Tab 11 at 34, 43-48. The appellant also argues that the deciding official did not allow him to give an oral response. PFR File, Tab 1 at 4. The appellant, however, was offered the opportunity to schedule one. *See* IAF, Tab 12 at 9. He submitted nothing to suggest that he attempted to schedule an oral response and that his scheduling request was denied. In any event, he offered an extensive written response, which is in the record. *See* IAF, Tab 11 at 43-85. Where an agency has given an employee the opportunity to make a written reply to the notice of proposed adverse action, its failure to afford him an oral reply does not violate his right to minimum due process. *Kinsey v. Department of the Navy*, 59 M.S.P.R. 226, 229 (1993). In short, the agency neither violated the appellant's due process rights nor committed harmful error in this respect.

¶13    The appellant also argues that the administrative judge set aside his age discrimination claim without considering it. PFR File, Tab 1 at 25-26. The initial decision, however, includes a thorough discussion of the appellant's allegations and correctly applies the law. ID at 19-23. Although the appellant

---

months before the proposal notice was issued. *See* IAF, Tab 12 at 4-5. The appellant also had been recently disciplined for similar misconduct. *See* IAF, Tab 13 at 8-13.

[9] Section 752.404(g)(1) states that the agency will consider only the reasons specified in the notice of proposed action and any answer of the employee or his or her representative, or both, made to a designated official, as well as any medical documentation reviewed pursuant to paragraph (f) of that section.

points to circumstantial evidence and a single statement that he considers to be direct evidence, *see* PFR File, Tab 1 at 25-26, his allegations of discrimination are weak. As for the single piece of "direct" evidence, D.B.'s comment that it was "time for him to go," the administrative judge found no "direct reflection of a discriminatory attitude." ID at 22. A showing of discriminatory intent is necessary for such a remark to be probative. *See George v. U.S. Postal Service*, 74 M.S.P.R. 71, 80 (1997) (direct evidence both reflects directly the alleged discriminatory attitude and bears directly on the contested employment decision); *see also Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) ("[O]nly the most blatant remarks whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination.").

¶14     The appellant further argues that he met his burden to prove the agency acted in reprisal for his prior EEO activity. He points to the fact that the charge was issued within days of his request to the Equal Employment Opportunity Commission (EEOC) for de novo review of a complaint based on an earlier disciplinary action. PFR File, Tab 1 at 26-27. The administrative judge found that he offered no evidence that the proposing or deciding officials knew of his EEO activity. *See* ID at 23. In response, the appellant asserts that the administrative judge "fail[ed] to exercise reasonable administrative inquiry about how the agency generally handles matters such as appeals to the EEOC."[10] PFR File, Tab 1 at 27. The appellant, however, bore the burden of proof on this issue. 5 C.F.R. § 1201.56(b)(2)(I)(C); *see Smith v. Department of Transportation*, 106 M.S.P.R. 59, ¶ 29 (2007). Although the administrative

---

[10] The appellant also argues that the proposal to suspend him violated the provisions against the passage of ex post facto laws in the U.S. Constitution because the agency did not issue a charge until he asked the EEOC for reconsideration of its findings on an existing complaint. PFR File, Tab 1 at 3; *see* U.S. Const., art. I, § 9, cl. 3; *see also* IAF, Tab l3 at 8-13. This issue is more appropriately addressed in the context of his reprisal claim.

judge's duties include ensuring development of the record on significant issues, *see* 5 C.F.R. § 1201.41(b)(5)(ii), the appellant offers no authority to support the assertion that the administrative judge bears the responsibility for independently investigating agency functions.

¶15 Finally, the appellant argues that the administrative judge made a series of "intemperate assessments" rather than "adhering to the Federal regulation that requires findings of fact and conclusions of law on the material issues presented on the record." PFR File, Tab 1 at 10; *see* 5 C.F.R. § 1201.111(b). He asserts that these assessments border on prejudicial overreach and call into question the validity of the initial decision. PFR File, Tab 1 at 12.

¶16 In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362–63 (Fed. Cir. 2002). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* at 555.

¶17 Here, the appellant's objections do not suggest any deep-seated bias and instead simply reflect his disagreement with the outcome of the appeal and the administrative judge's characterization of his misconduct. An appellant's dissatisfaction with the ruling alone is insufficient to show bias. *See Asatov v. Agency for International Development*, 119 M.S.P.R. 692, ¶ 14 (2013), *overruled*

*on other grounds by Dean v. Department of Labor*, [122 M.S.P.R. 276](#) (2015). Accordingly, we find the appellant's arguments are unavailing and affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) ([5 U.S.C. § 7702](#)(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.